# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-60962

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2014

Lyle W. Cayce
Clerk

DOUGLAS ESTID HERNANDEZ-ORTEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Douglas Estid Hernandez-Ortez petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the final order of removal entered by the immigration judge (IJ). The BIA dismissed Hernandez-Ortez's appeal for lack of jurisdiction based upon its finding that Hernandez-Ortez waived his right to appeal, and it denied Hernandez-Ortez's claim of ineffective assistance of counsel based upon its determination that Hernandez-Ortez had not served his former counsel with his complaint and given his former counsel an opportunity to respond as required by *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

No. 12-60962

I.

Hernandez-Ortez is a native-citizen of El Salvador who first entered the United States on an unknown date. Between 2002 and 2008 he was convicted of several crimes including domestic assault. In September 2011, the Department of Homeland Security initiated removal proceedings against Hernandez-Ortez by filing a Notice to Appear. Hernandez-Ortez, represented by counsel, conceded that he was removable for failing to be properly admitted or paroled into the country. In June 2012, a hearing was held to consider a request by Hernandez-Ortez to cancel removal. His counsel and an interpreter were physically present at that meeting, while Hernandez-Ortez participated via televideo. During the hearing his counsel informed the IJ that Hernandez-Ortez no longer sought cancellation of removal, but instead sought voluntary departure or withdrawal of his application for admission into the country. Hernandez-Ortez made no objection to his attorney's statements.

The IJ denied his request to withdraw his application for admission to the United States and ordered that he be removed from the country. The IJ asked counsel whether Hernandez-Ortez accepted the decision or whether he reserved the right to appeal. His counsel responded that "[b]ased on [his] client's wishes[,] [they would] accept." The IJ's order indicated that Hernandez-Ortez waived his right to appeal.

Hernandez-Ortez filed a pro se appeal to the BIA alleging that his counsel's ineffective assistance caused him to unwillingly waive appeal. He attached two documents to his brief: (1) an affidavit from him evidencing the circumstances of his counsel's alleged ineffectiveness, and (2) a copy of a complaint made to the Louisiana Attorney Disciplinary Board (the "LADB") concerning his former counsel.

The BIA rendered a decision dismissing Hernandez-Ortez's appeal for lack of jurisdiction. It determined from the record that he had waived his right

No. 12-60962

to appeal through his counsel and that the IJ's order acknowledged this waiver. The BIA declined, however, to hear the merits of his claim of ineffective assistance of counsel because he had failed to meet one of the procedural requirements found in *Lozada*, 19 I&N Dec. at 639. Specifically, the BIA found that he had "neglected to inform his prior attorney of his accusations, so that the attorney may respond." Because he failed to meet this *Lozada* requirement, the BIA lacked the jurisdiction to hear his claim of ineffective assistance of counsel and dismissed his appeal. Hernandez-Ortez timely filed his Petition for Review of the BIA's order.

He argues that he complied with *Lozada* because he attached to his brief an affidavit in which he avers that he served his former counsel with the disciplinary complaint and a copy of his former counsel's response to the complaint. Citing precedent from the Ninth Circuit, he asserts that strict compliance with the *Lozada* requirements is unnecessary. He maintains that he cannot submit further proof that his former counsel was served with the complaint because he has been moved to a different detention facility and cannot obtain mail logs from his old detention facility.

II.

"The BIA lacks jurisdiction to review an immigration judge's decision if an alien has knowingly and intelligently waived his right to appeal." *Kohwarien v. Holder*, 635 F.3d 174, 179 (5th Cir. 2011). But the validity of a waiver of appeal may be challenged and the BIA is "not divested of jurisdiction where the waiver is not valid." *In re Patino*, 23 I&N Dec. 74, 76 (2001). This court reviews challenges to a final order of the BIA involving questions of law *de novo*. *Mai v. Gonzalez*, 473 F.3d 162, 164 (5th Cir. 2006). Factual findings, on the other hand, are reviewed under a substantial evidence standard. *Girma v. I.N.S.*, 283 F.3d 664, 666 (5th Cir. 2002). Here, the BIA found that Hernandez-Ortez failed to comply with the procedural requirements in *Lozada*

No. 12-60962

and thus his challenge to his waiver of appeal failed.  The BIA disposed of his appeal on a purely legal question and this necessitates *de novo* review of the BIA's final order.

III.

As a preliminary matter, we cannot consider Hernandez-Ortez's affidavit and the response of his former counsel to Hernandez-Ortez's complaint because that evidence was not presented to the BIA.  *See* 8 U.S.C. § 1252(b)(4)(A); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th Cir. 2001).  We also lack jurisdiction to consider Hernandez-Ortez's argument that he could not obtain proof that he served his former counsel with his complaint because Hernandez-Ortez did not raise this claim before the BIA.  *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009) (stating that this court lacks jurisdiction to hear an issue that was not "first raise[d] before the BIA, either on direct appeal or in a motion to reopen").

Hernandez-Ortez's final argument, that strict compliance with the *Lozada* requirements is not necessary, is without merit.  In *Lozada*, the BIA established a set of procedural criteria that an "allegedly aggrieved respondent" must satisfy before bringing a "motion based upon a claim of ineffective assistance of counsel." 19 I&N Dec. at 639.  The BIA requires:

> (1) an affidavit by the alien setting forth the relevant facts, including the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond, including any response; and (3) an indication that . . . a complaint has been lodged with the relevant disciplinary authorities, or an adequate explanation for the failure to file such a complaint.

*Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000) (citing *Lozada*, 19 I&N Dec. at 639).  Hernandez-Ortez cites a case from the Ninth Circuit in which it held that a petitioner meets the second *Lozada* requirement when he files a formal grievance with a state disciplinary authority because it "provid[es]

notice to the attorneys of [the petitioner's] complaints against them." *Ray v. Gonzalez*, 439 F.3d 582, 589 (9th Cir. 2006).

The Ninth Circuit has adopted a different approach in applying the *Lozada* requirements, and it will hear ineffective assistance of counsel claims even when a petitioner has arguably failed to comply with them. *See Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1227 (9th Cir. 2002) (holding that where the record "itself demonstrates the legitimacy of petitioners' ineffective assistance of counsel[,]" there is no "need technically to comply with *Lozada*"); *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1125 (9th Cir. 2000) (holding that the BIA "may not impose the *Lozada* requirements arbitrarily" and that failure to comply may be excused where "diligent efforts to obtain materials necessary for meeting the *Lozada* standard" were made); *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000) ("While the requirements of *Lozada* are generally reasonable, they need not be rigidly enforced when their purpose is fully served by other means.").

We think that *Lozada* makes clear that the second requirement is only met when counsel is informed of the charge "*before allegations of ineffective assistance . . .* are presented to the BIA." 19 I&N Dec. at 639 (emphasis added). In Hernandez-Ortez's case, he did not offer sufficient proof to show that his attorney was informed or had a reasonable opportunity to respond *before* the allegations were presented in his appeal brief to the BIA; nor does he offer any adequate reason that his failure to follow the rules should be excused.

## IV.

So we hold that, through counsel, Hernandez-Ortez clearly waived his right to appeal at the conclusion of the proceedings before the IJ. Although Hernandez-Ortez contends that his waiver of appeal was involuntary based upon the ineffectiveness of his counsel, he has failed to show he met the procedural requirements of *Lozada*. Thus the BIA was entitled to enforce his

No. 12-60962

waiver and summarily dismiss Hernandez-Ortez's appeal for lack of jurisdiction.

PETITION FOR REVIEW DENIED.