# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60743
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2014

Lyle W. Cayce
Clerk

PARESH BHAI RABARI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 196 047

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Paresh Bhai Rabari petitions for review of the order of the Board of Immigration Appeals (BIA) that dismissed his appeal from the order of the immigration judge (IJ) denying as untimely his motion to reopen removal proceedings. Motions to reopen are disfavored, and the moving party must carry a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). The denial of such a motion is reviewed "under a highly deferential

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted).

A motion to reopen must be filed within 90 days of the date on which the final administrative decision is issued. 8 U.S.C. § 1229a(c)(7)(C)(i). An alien is not bound by this time limit, however, if the motion is made for purposes of applying for asylum or for withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii).

Rabari does not contest that he failed to file his motion within the 90-day time limit. *See* § 1229a(c)(7)(C)(i). Although he cites new evidence not contained in the administrative record to show a change of country conditions in India, we may not consider this evidence. *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014). To the extent that Rabari has not otherwise abandoned his appeal through his failure to brief his arguments adequately, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003), his conclusonal assertions that his motion to reopen should have been granted are wholly insufficient to show that the BIA abused its discretion. *See Altamirano-Lopez*, 435 F.3d at 549. His petition for review is DENIED.