# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2017

Lyle W. Cayce
Clerk

No. 16-60206
Summary Calendar

BLANCA BERNAL-ROMAN; DAIANA SALINAS-BERNAL,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 179 631
BIA No. A208 141 386

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Blanca Bernal-Roman, a native and citizen of Mexico, applied for asylum, withholding of removal (WOR), and relief under the Convention Against Torture (CAT) and designated her minor daughter, Daiana Salinas-Bernal, as a derivative beneficiary of the application. Bernal-Roman sought relief based on her attempted kidnapping, which resulted in no physical harm,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and based on her receipt of threatening telephone calls from individuals identifying themselves as the Zetas.  She claimed that her attempted kidnapping and the calls occurred due to her membership in a particular social group consisting of the family members of wealthy landowners and ranchers who are subject to extortion from criminal groups.  In this court, Bernal-Roman, now proceeding pro se, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the immigration judge's denial of the application.

In her petition, Bernal-Roman makes various assertions, which were not presented during the agency proceedings and some of which are contrary to the evidence in the administrative record, including claims that her father and brother were murdered, that she belongs to a second particular social group, and that a specific gang member threatened to harm her if she spoke of a rape, kidnapping, and recruitment for illicit activities.  We will not consider these assertions.  *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014); *Omari v. Holder*, 562 F.3d 314, 323 (5th Cir. 2009); 8 U.S.C. § 1252(b)(4)(A).

As to the remaining claims in her brief, Bernal-Roman has not shown that the evidence compels a conclusion contrary to the finding that asylum was unwarranted, nor do we discern any error as a matter of law in the BIA's determination that Bernal-Roman's proposed group was not cognizable as a "particular social group" under asylum law.  We have not recognized economic extortion as a form of persecution or wealthy individuals as members of a protected social group.  *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).  Although Bernal-Roman relies on the Ninth Circuit's opinion in *Cordoba v. Holder*, 726 F.3d 1106, 1113-15 (9th Cir. 2013), in arguing that her proposed social group is cognizable, she points to none of the types of evidence submitted by the

No. 16-60206

*Cordoba* petitioners to establish the requisite social visibility and particularity of her proposed group. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-21 (5th Cir. 2012).

Because Bernal-Roman did not meet the bar for asylum, the record does not compel a conclusion contrary to the finding that WOR was unwarranted. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The record evidence likewise does not compel a conclusion contrary to the finding that Bernal-Roman did not show it was more likely than not that she would be tortured by or with the acquiescence of the government in Mexico, particularly in light of the evidence that her parents and four siblings remained in Mexico after she left and that they had suffered no harm there. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015).

Finally, Bernal-Roman contends that the immigration judge was biased against her, repeatedly interrupted her, and did not give her a chance to clarify her answers. Assuming without deciding that this claim is properly before us, there is no showing that any actions or rulings by the immigration judge derived from opinions based on an extrajudicial source or that there was any hostility or antagonism making fair judgment impossible. *See Wang v. Holder*, 569 F.3d 531, 540-41 (5th Cir. 2009). Bernal-Roman cites to no instances that were improper. Moreover, the record reveals a judge who tried to obtain a clear understanding of Bernal-Roman's story. We conclude that Bernal-Roman has not established a due process violation. *See id.*

PETITION FOR REVIEW DENIED.