# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2017

Lyle W. Cayce
Clerk

JUAN BELTRAN ORTIZ,

> Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

> Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 241 425

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Through two petitions for review, Juan Beltran Ortiz, a native and citizen of Mexico who was removed in 2000, contests the Board of Immigration Appeals' (BIA): (1) affirming the Immigration Judge's (IJ) decision denying his motion to reopen; and (2) denying his motion to reconsider.

In his first petition, Ortiz contends the BIA erred in determining the IJ correctly applied the departure bar of 8 C.F.R. § 1003.23(b)(1); that bar

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

prohibits an alien's filing a motion to reopen invoking the IJ's *sua sponte* authority after the alien has been removed.  He contends:  the departure bar does not preclude his filing a motion to reopen because the bar applies only to regulatory motions to reopen; and any motion to reopen filed by an alien is a statutory motion—even if the motion is untimely filed—and, therefore, the bar does not apply.  He also challenges the BIA's conclusion that he failed to make a viable claim of ineffective assistance of counsel, contending strict compliance with the requirements of *Matter of Lozada* should not be required.  19 I. & N. Dec. 637, 639 (BIA 1988).

The denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard".  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  The ruling will stand even if we conclude it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Id.* at 304 (quoting *Pritchett v. I.N.S.*, 993 F.2d 80, 83 (5th Cir. 1993)).

Ortiz filed his motion to reopen before the IJ nearly 15 years after the final order of removal in 2000.  Ortiz' motion explicitly invoked the IJ's regulatory power to *sua sponte* reopen proceedings.  In *Mata v. Lynch*, the Supreme Court held:  our court has jurisdiction to consider untimely motions to reopen; and it erred in recharacterizing an untimely motion to reopen as a request for the BIA to exercise its *sua sponte* authority.  135 S. Ct. 2150, 2155–56 (2015).  The Court, however, did not hold all reopenings are grounded in statute.  *See id.*

Our court has upheld application of the departure bar to untimely motions to reopen; they are deemed regulatory motions.  *Ovalles v. Holder*, 577 F.3d 288, 296–98 (5th Cir. 2009); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672,

675–76 (5th Cir. 2003). Because *Mata* neither explicitly nor effectively overrules *Navarro-Miranda* and *Ovalles*, we remain bound by their holdings. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Further, the regulations regarding motions to reopen for the IJ specifically allow an alien to file a motion to reopen pursuant to the IJ's *sua sponte* authority. § 1003.23(b)(1). There is, therefore, no support for Ortiz' assertion that all motions to reopen filed by aliens are statutory and not subject to the departure bar.

Ortiz' claiming the BIA abused its discretion in dismissing his claim for ineffective assistance of counsel (IAC) lacks merit. To establish an IAC claim in a motion to reopen, petitioner must meet the procedural requirements set forth in *Lozada*. *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). Strict compliance with *Lozada* is mandatory. *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647–48 (5th Cir. 2014). Because he has not shown he met the procedural requirements of *Lozada*, Ortiz has not demonstrated the BIA erred by dismissing his IAC claim. *See Rodriguez-Manzano,* 666 F.3d at 953. He does not show that the BIA abused its discretion. *See Zhao*, 404 F.3d at 303–04.

In his second petition, Ortiz contests the BIA's denying his motion to reconsider and to reopen. Ortiz contends, *inter alia*, the BIA erred in determining he failed to provide authority for his assertion that the motion to reopen was statutory.

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(2). Obviously, review of a motion to reconsider is, again, under the "highly deferential abuse-of-discretion standard". *Zhao*, 404 F.3d at 303. Ortiz' challenge to the

determination that his motion invoked the IJ's *sua sponte* authority and was, therefore, subject to the departure bar is without merit.  He fails to show the BIA abused its discretion in determining he did not show a material error of law or fact.  *See id.* at 301.

Challenging the denial of his alternate motion to reopen, Ortiz contends the BIA erred in failing to address the merits of his claim that he was not deportable in the light of a change in jurisprudence from this court.  Ortiz also maintains the BIA erred in ruling his IAC claim was not viable.

In denying Ortiz' alternate motion to reopen, the BIA determined it was both time barred and numerically barred.  Ortiz makes no contention that the BIA committed any error in determining his second motion to reopen was untimely and numerically barred.  Accordingly, he abandons any such contention.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  To the extent Ortiz challenges the BIA's exercise of its discretionary authority, this court lacks jurisdiction to review whether the BIA should have exercised its *sua sponte* authority to reopen a case.  *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004).

DENIED IN PART, DISMISSED IN PART.