# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2017

Lyle W. Cayce
Clerk

NDEYE MAGATTE THIAM,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 011 230

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Ndeye Magatte Thiam, a native and citizen of Senegal, petitions for review of the denial of a motion to reopen her removal proceedings. In the timely motion, Thiam claimed eligibility for special rule cancellation of removal based on allegations that she had been a battered spouse during her former marriage to a United States citizen. The Board of Immigration Appeals (BIA), in denying the motion, concluded that Thiam had failed to show that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence supporting her abuse claim was previously unavailable and could not have been discovered or presented during her earlier removal proceedings. Additionally, the BIA concluded that Thiam had not established prima facie eligibility for any form of relief.

First, Thiam argues in this court that her prior attorneys rendered ineffective assistance during her immigration proceedings. We lack jurisdiction to consider these claims due to Thiam's failure to exhaust her administrative remedies. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1); *see also Hernandez-Ortez v. Holder*, 741 F.3d 644, 647-48 (5th Cir. 2014). For the same reason, we lack jurisdiction to consider assertions that the immigration judge failed to inform Thiam that she could have raised the spousal abuse claim during her removal proceedings. *See* § 1252(d)(1); *Kane v. Holder*, 581 F.3d 231, 236-38 (5th Cir. 2009).

Next, as to the denial of her motion to reopen, Thiam argues that the BIA made conclusory statements in its orders, failed to explain its decision adequately, failed to explain why she should have raised her abuse claim earlier, ignored the fact that she was abused by her former husband and was the victim of his bigamy, failed to consider that she was a barely-literate person who did not understand and was never advised that the abuse claim could have been raised during the removal proceedings, failed to consider all of her evidence, and carelessly reviewed the record. Further, she contends that the BIA violated her due process rights by carelessly reading the record and making conclusory statements without a full discussion of her case.

Because the alleged instances of spousal abuse occurred between 2002 and 2004, at least six years before the initiation of Thiam's removal proceedings in 2010, the BIA did not act capriciously, irrationally, or arbitrarily, or otherwise abuse its discretion, in denying Thiam's motion. *See*

8 C.F.R. § 1003.2(c)(1); *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). The BIA's reasons, including its citation to the applicable regulation and facts, provided an adequate basis for our review. *See Hernandez-Cordero v. USINS*, 819 F.2d 558, 563 (5th Cir. 1987) (en banc). There is "little else" that the BIA could have said to explain its determination regarding the evidence of Thiam's abuse claim and her failure to make the requisite showing under § 1003.2(c)(1). *Id.* Furthermore, the BIA corrected its initial findings regarding whether Thiam had timely moved to reopen and submitted a copy of her cancellation of removal application.

Finally, it is unavailing for Thiam to argue that she should be excused from failing to present the abuse claim earlier due to her lack of familiarity with the law. Even if we were to assume arguendo that such an argument could have merit, she was represented by counsel during her immigration proceedings. *Cf. Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (pro se habeas petitioner denied relief despite claim of lack of legal knowledge); *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1081-84 (5th Cir. 1984) (represented party in civil litigation).

Accordingly, Thiam's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.