# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60630
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

JIANXIN ZHENG,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent.

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 997 208

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

After he failed to appear for his removal hearing, an immigration judge (IJ) found petitioner Jianxin Zheng, a native and citizen of China, removable on the grounds that he had overstayed his visa and had not obtained permission to remain in the United States. Because Zheng received constructive notice of the hearing when notice was mailed to counsel, *see* 8 C.F.R. § 292.5(a), the IJ ordered Zheng removed to China and entered an *in*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60630

*absentia* order so stating, *see* 8 U.S.C. § 1229a(b)(5)(A).  Zheng now petitions for review of two orders of the Board of Immigration Appeals (BIA).  The first order (1) dismissed the appeal of the denial of his untimely motion to reopen his immigration proceedings to rescind the *in absentia* removal order and (2) dismissed his motion to reconsider that denial.  The second order denied his motion to reconsider the dismissal of his appeal.

In all relevant proceedings and pleadings, including this one, Zheng has asserted that he should have received personal notice of the removal hearing, that his counsel of record and another retained attorney were ineffective for failing to notify him of the removal hearing, and that his failure to abide by the BIA's procedural requirements for establishing that counsel was ineffective when a motion to reopen is filed should be excused.  The BIA rejected those arguments.

Motions to reopen immigration proceedings and for reconsideration are disfavored and reviewed under a highly deferential abuse of discretion standard.  *Lara v. Trominski*, 216 F.3d 487, 496-97, 499 n.12 (5th Cir. 2000).  We will affirm the BIA's decision to deny either type of motion if it is not capricious, racially invidious, without evidentiary foundation, or arbitrary.  *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).

The BIA did not abuse its discretion when it found that the notice of the removal hearing provided to Zheng's counsel of record was legally sufficient.  *See* § 292.5(a); *Men Ken Chang v. Jiugni*, 669 F.2d 275, 277-78 (5th Cir. 1982).  Because Zheng received constructive notice of the hearing when notice was provided to his counsel, he had 180 days to file a motion to reopen his immigration proceedings.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (ii).  He failed to do so.  Thus, his motion to reopen was untimely.

No. 16-60630

An alien who claims that counsel's ineffectiveness constitutes an exceptional circumstance excusing the untimeliness of his motion to reopen must provide his own affidavit attesting to the facts, including a statement setting forth the terms of the attorney-client agreement; evidence that counsel was informed of the ineffectiveness allegations and allowed an opportunity to respond; and evidence as to whether a complaint had been filed with the appropriate disciplinary authorities. *Matter of Lozada*, 19 I & N Dec. 638, 639 (BIA 1988); *see also Lara*, 216 F.3d at 496 (discussing *Lozada* requirements). As in his immigration proceedings, Zheng acknowledges that he did not comply with the *Lozada* requirements when he filed his motion to reopen. This court has held that the BIA may require strict compliance with the *Lozada* requirements, *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647-48 (5th Cir. 2014), and has specifically rejected the argument that the *Lozada* requirement to file a bar complaint should be waived where an alien alleges that counsel's error or omission was "inadvertent," as Zheng has alleged, *see Lara*, 216 F.3d at 498-99 (internal quotation marks omitted). Accordingly, the BIA did not abuse its discretion when it determined that Zheng's failure to comply with the *Lozada* requirements when he filed his motion to reopen defeated his claim of ineffective assistance of counsel, which was the only basis he had for reopening given his notice of the hearing.

The BIA also did not abuse its discretion when it dismissed Zheng's appeal of the denial of his motion for reconsideration. Zheng failed to identify an error or defect in the decision denying his motion to reopen, or otherwise demonstrate that reconsideration was warranted, *Zhao*, 404 F.3d at 301, and evidence of his belated compliance with the *Lozada* requirements was not evidence that the BIA could consider on a motion for reconsideration, *see Ghassan v. INS*, 972 F.2d, 631, 638 (5th Cir. 1992).

No. 16-60630

We construe Zheng's *pro se* arguments that this court should *sua sponte* reopen his immigration proceedings and grant him discretionary relief as a challenge to the BIA's refusal to *sua sponte* reopen his immigration proceedings. We lack jurisdiction over challenges to the BIA's failure to exercise its *sua sponte* authority to reopen because the decision is wholly discretionary. *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010). Thus, this claim must be dismissed.

Zheng fails to address the BIA's finding that he failed to establish a sufficient change in country conditions to warrant reopening his immigration proceedings on that basis or the BIA's denial of his motion for reconsideration of the order dismissing his appeal. Those claims are abandoned and, therefore, waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Zheng's petition for review of the BIA's order dismissing his appeal of the denial of his motion to reopen and for reconsideration is DENIED IN PART and DISMISSED IN PART. His petition for review of the BIA's order denying his motion to reconsider the dismissal of his appeal is DENIED.