# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2019

Lyle W. Cayce
Clerk

No. 18-60796
Summary Calendar

JAEL ROSAURA DE LEON-REYNOSO; NAHOMY YANIRA BAMACA-DE LEON; CRISTIAN JACOB BAMACA-DE LEON,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A209 896 952, A209 896 950, A209 896 951

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Guatemalan national Jael Rosaura DeLeon-Reynoso petitions this court for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the order of the Immigration Judge (IJ) finding her and her two minor children removable and its denial of her motion to remand. She contends that the BIA erred in denying her motion to remand, renewing her

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim that her failure to file a timely application for asylum was the result of ineffective assistance. DeLeon urges that the BIA erroneously determined that she had not complied with the procedural requirements for proceeding with an ineffective assistance claim under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). She further asserts that she was substantially prejudiced because she has a valid claim for asylum which the IJ failed to consider.

This court reviews the purely legal question whether DeLeon complied with the procedural requirements of *Lozada* de novo. *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014); *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). To support a claim of ineffective assistance during removal proceedings, an alien must comply with the procedural requirements set forth in *Lozada* and demonstrate that counsel's actions resulted in substantial prejudice. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).

As the BIA determined, although DeLeon filed an affidavit in support of her ineffective-assistance claim, the affidavit is insufficient to satisfy the first *Lozada* requirement because it fails to establish that Rodriguez actually entered into an agreement to represent DeLeon or to take any action on her behalf. Because DeLeon failed to submit a *Lozada*-compliant affidavit, the BIA did not err when it rejected her ineffective assistance claim. *See Hernandez-Ortez*, 741 F.3d at 647-48; *see also Lozada,* 19 I. & N. Dec. at 639. That being so, this court need not consider DeLeon's argument that her administrative complaint was sufficient to comply with the third *Lozada* requirement or her argument that she presented sufficient evidence to establish that she was prejudiced by Rodriguez's erroneous advice.

DeLeon additionally contends that the denial of the opportunity to file an asylum application violated her due process rights, depriving her of a meaningful opportunity to be heard and constituting a gross miscarriage of

justice.    However, DeLeon's purported due-process claim is no more than a restatement of her claim that she should be allowed to apply for asylum because she received ineffective assistance from Rodriguez, which claim fails for the reasons previously stated.

Inasmuch as DeLeon contends that the BIA's decision amounts to a gross miscarriage of justice, her argument is misplaced.    Because the motion to remand here involved an attempt to revisit an order in the same proceedings rather than a collateral attack, the gross-miscarriage-of-justice standard is inapplicable.  *See Mejia v. Whitaker,* 913 F.3d 482, 488 (5th Cir. 2019).

Accordingly, the petition for review is DENIED.