# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2020

No. 19-60453
Summary Calendar

Lyle W. Cayce
Clerk

JOSE LUIS YOS-PEREZ; DANIELLA ELIZABETH YOS-PEREZ; JUAN DAVID YOS-PEREZ,

Petitioners,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A206 771 137
BIA Nos. A206 771 138
BIA Nos. A206 771 139

Before KING, GRAVES and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Yos-Perez, Daniella Elizabeth Yos-Perez, and Juan David Yos-Perez seek review of the Board of Immigration Appeals (BIA) order denying their motion to reconsider the BIA's dismissal of their appeal as untimely. A denial of a motion to reconsider is reviewed under a "highly deferential abuse-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60453

of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this standard, we will "affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Petitioners contend that the BIA has the authority to extend the 30-day time limit in which to consider an untimely-filed notice of appeal under unique, exceptional, or extraordinary circumstances; that the BIA abused its discretion by failing to consider whether petitioners' reasons for the untimely notice of appeal amounted to such circumstances; and that the circumstances of their case rise to that level based on counsel's ineffective assistance. They argue that they were not required to adhere to the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)—the grounds upon which the BIA denied the motion to reconsider—because an untimely filing which results from ineffective assistance of counsel, on its face, warrants reopening a case.

Contrary to the petitioners' argument, strict compliance with *Matter of Lozada* is mandatory in this circuit. *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647-48 (5th Cir. 2014). It is undisputed that that they did not comply with those procedural requirements. Accordingly, petitioners have not demonstrated the BIA's decision to deny their motion for reconsideration was an abuse of discretion. *See Zhao*, 404 F.3d at 303.

PETITION DENIED.