# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2021

Lyle W. Cayce
Clerk

No. 20-60275
Summary Calendar

PROMIT BHUIYAN,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 721 119

Before SOUTHWICK, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Promit Bhuiyan, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") decision finding that he

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

waived his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

"We generally have authority to review only the decision of the BIA." *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). "When the IJ's ruling affects the BIA's decision, however, we also review the decision of the IJ." *Id.* Here, the BIA adopted and affirmed the decision of the IJ that Bhuiyan's applications for asylum, withholding of removal, and protection under CAT were waived because Bhuiyan failed to meet the filing deadline established by the IJ pursuant to authority set forth in 8 C.F.R. § 1003.31(c). We therefore review the BIA's and IJ's decisions on that issue.

Bhuiyan's petition raises two issues with the BIA's decision. Neither entitles Bhuiyan to relief.

First, Bhuiyan argues that he was deprived of due process when his applications for relief were deemed waived. A regulation permits an IJ to "set and extend time limits for the filing of applications and related documents and responses thereto." § 1003.31(c). "If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived." *Id.* Bhuiyan and his counsel were instructed to file Bhuiyan's applications by September 12, 2019, and they were warned that the failure to comply with the deadline could result in the applications being "abandoned," *i.e.*, waived. Because Bhuiyan did not file his applications by the deadline, the BIA and IJ correctly deemed them waived. *See id.*; *see also Ogunfuye v. Holder*, 610 F.3d 303, 306–07 (5th Cir. 2010) (upholding dismissal of applications for relief after petitioner's counsel failed to submit petitioner's biometrics in compliance with the IJ's order).

Second, Bhuiyan argues that his counsel's ineffectiveness deprived him of due process. To support a claim for ineffective assistance, an alien in

removal proceedings must comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and "must also show that counsel's actions were prejudicial to his case." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). An alien's compliance with the *Lozada* requirements raises a purely legal question that this court reviews *de novo*. *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014). Strict compliance with *Lozada* is mandatory. *See id.* at 647–48. Because Bhuiyan has not shown that he satisfied the procedural requirements of *Lozada*, the BIA did not err by concluding that Bhuiyan was not entitled to relief on his claim for ineffective assistance of counsel. *See id.* at 648.

Bhuiyan also asserts that he is, on the merits, entitled to asylum, withholding of removal, and protection under CAT. To the extent Bhuiyan relies on his entitlement to relief in order to show prejudice on his ineffective-assistance claim, his claim still fails on account of his lack of compliance with *Lozada*. More generally, Bhuiyan has not explained how his entitlement to relief overcomes waiver. As a result, Bhuiyan's waiver based on failure to meet the filing deadline obviates any need to consider the merits of his applications.

Accordingly, Bhuiyan's petition for review is DENIED.