# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2021

Lyle W. Cayce
Clerk

No. 19-60055
Summary Calendar

Ilyas Muradi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 856 821

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Ilyas Muradi, a native and citizen of Afghanistan, has filed two petitions for review; his initial petition challenges a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by the immigration judge (IJ) of his application for deferral of removal under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60055

Convention Against Torture (CAT), and his supplemental petition challenges the BIA's denial of his motion to reopen his removal proceedings as untimely, or alternatively, on the merits. Our jurisdiction to review final orders of removal "encompasses review of decisions refusing to reopen or reconsider such orders," whether based on untimeliness or other grounds. *Mata v. Lynch*, 576 U.S. 143, 147-48 (quote at 147) (2015); *see* 8 U.S.C. § 1252(b)(6) (mandating consolidation of the review of a motion to reopen or reconsider with the review of the underlying removal order).

In his first petition for review, Muradi challenges the BIA's denial of his request for deferral of removal under the CAT, which allows relief to an alien who demonstrates a likelihood of torture in his home country by or with the "acquiescence of[] a public official [or other person] acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Specifically, Muradi argues that: (1) the IJ and the BIA employed the wrong legal standard for determining whether there was acquiescence to the torture; (2) the BIA reviewed the legal conclusion regarding acquiescence under the wrong legal standard; and (3) the IJ and the BIA failed to properly assess the threat of torture and similar harm because they did not aggregate the threats from different entities.[1]

We lack jurisdiction to review Muradi's second and third issues because they were not exhausted before the BIA either on direct appeal or in a motion to reopen or to reconsider. *See Avelar-Oliva v. Barr*, 954 F.3d 757,

---

[1] After briefing was completed in this case, the then-government of Afghanistan fell to the Taliban. Because the new developments in Afghanistan were not presented before the BIA, we cannot consider them in the present petitions for review. *See* 8 U.S.C. § 1252(b)(4)(A); *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014). However, because motions to reopen based on changed country conditions are not subject to the normal time and numerical limitations for motions to reopen, Muradi can raise any claims he has based on recent developments in a new motion to reopen. *See* 8 C.F.R. § 1003.23(b)(4)(1). We offer no opinion as to the proper disposition of such a motion.

766 (5th Cir. 2020); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).  There is no merit to Muradi's apparent contention that exhaustion is not required to the extent that these issues allege due process violations.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (holding that even due process claims must have been exhausted if the procedural errors were correctable by the BIA).

With respect to his exhausted first issue, Muradi is correct that the governmental-action element of a torture finding under the CAT does not require that the entire national government acquiesces in the torture, but rather that a public official or other person acting in an official capacity does so.  *See Garcia v. Holder*, 756 F.3d 885, 891-92 (5th Cir. 2014).  Although the IJ and the BIA determined that the Afghan government would not acquiesce to any torture by outside groups, it appears that this language was simply a broadly-stated version of the proper acquiescence standard.  In *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006), on which the BIA relied in denying relief, we explained that the CAT "requires 'a public official' or 'person acting in a public capacity' to . . . 'acquiesce' . . . to 'the torture,'" before denying relief because the "[t]he Government of Columbia" had not acquiesced to the allegedly torturous conduct.  Given the language used in *Tamara-Gomez*, 447 F.3d at 351, Muradi has failed to show that the BIA applied an incorrect standard here.

In his second petition for review, Muradi asserts certain arguments relating to his first petition.  Even assuming that these arguments are properly before us, they fail.  While Muradi is correct that the Supreme Court recently ruled that we may review a criminal alien's factual challenge to a CAT order, that ruling in *Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020), does not support Muradi's request to remand his case to the BIA so that he can raise new factual challenges.  And, given the exhaustion discussion above, we lack jurisdiction to review Muradi's additional argument in support of his

unexhausted third issue from his first petition for review. *See Claudio*, 601 F.3d at 318-19.

Finally, Muradi complains that the BIA should have granted his motion to reopen his removal proceeding because his counsel from his appeal to the BIA rendered ineffective assistance. However, Muradi fails to assert, and has thereby abandoned, any challenge to the BIA's conclusion that his motion to reopen was untimely and that the filing period had not been equitably tolled. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

In light of the foregoing, Muradi's initial and supplemental petitions for review are DENIED.