# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 20, 2022

Lyle W. Cayce
Clerk

No. 20-61111
Summary Calendar

Xiu Hong Chen,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 559 455

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Xiu Hong Chen, a native and citizen of China, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her motion to reopen. Motions to reopen removal proceedings are disfavored, and the moving party

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

bears a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). This court reviews the denial of a motion to reopen under a "highly deferential abuse of discretion standard." *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).

Chen asserts that the BIA erred in upholding the IJ's findings that her ineffective assistance claims failed due to her noncompliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) and that her waiver of her appellate rights was knowing and intelligent. She also argues, for the first time, that the IJ erred in denying her motion to reopen without addressing the new evidence she had presented supporting her claim of forced sterilization. However, because Chen did not exhaust this claim by raising it before the BIA, we lack jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

To the extent that Chen argues that she should be excused from strict compliance with *Lozada*, her argument is without merit. *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647-48 (5th Cir. 2014); *see also Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). To the extent that she argues she in fact satisfied the procedural requirements, the argument is equally unavailing. Neither her nor her husband's affidavit, alone or collectively, detail with any specificity the scope of her arrangement with her attorney and what actions he was to undertake on her behalf during the course of his representation of her. *See Lozada*, 19 I. & N. Dec. at 639. Because Chen failed to submit a *Lozada*-compliant affidavit, the BIA did not err when it rejected her ineffective assistance of counsel claim based on her failure to comply with *Lozada*'s procedural requirements. *See Hernandez-Ortez*, 741 F.3d at 647-48; *Rodriguez-Manzano*, 666 F.3d at 953; *see also Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304-05 (5th Cir. 2017) (This court affirms the BIA's decision as long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any

perceptible rational approach." (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009))).  That being so, we do not reach her argument that her filing of a formal complaint against her attorney following the denial of her motion to reopen by the IJ was sufficient to comply with the third *Lozada* requirement.

Next, Chen renews her contention that her waiver of appeal was unknowing and involuntary, complaining that it was induced by counsel, who told her that her case would be dismissed as fraudulent if she appealed. However, the record evidence does not compel a conclusion that the IJ erred in finding that Chen's waiver was knowing and voluntary.  *See Kohwarien v. Holder*, 635 F.3d 174, 178-179 (5th Cir. 2011).  Inasmuch as Chen now asserts, for the first time, that she required a more detailed explanation of her right to appeal and the consequences of her waiver because she attended the merits hearing via videoconference and because she was an uneducated and unsophisticated litigant, we lack jurisdiction to consider her unexhausted claim.  *See* § 1252(d)(1); *Omari*, 562 F.3d at 318.

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART FOR LACK OF JURISDICTION.