# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 27, 2023

Lyle W. Cayce
Clerk

No. 22-60199
Summary Calendar

_____

Gadi Dusengimana,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A097 076 489

_____

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Gadi Dusengimana, a native of Rwanda and citizen of Burundi, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Although Dusengimana waived his right to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal the IJ's decision, he subsequently, through new counsel, filed an appeal, maintaining, *inter alia*, his waiver was invalid. The BIA determined Dusengimana knowingly and intelligently waived his right to appeal; and, in reaching that decision, noted that he failed to comply with the procedural requirements necessary to present a claim for ineffective assistance of counsel (IAC), and that there was no evidence his former counsel provided inaccurate advice.

The BIA's factual findings are reviewed for substantial evidence; its conclusions of law, *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The IJ's ruling is reviewed only to the extent it affected the BIA's decision. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The substantial-evidence standard applies to findings that a waiver was made knowingly and intelligently. *E.g.*, *Kohwarien v. Holder*, 635 F.3d 174, 178–79 (5th Cir. 2011). Under this standard, "[petitioner] must show that the evidence was so compelling that no reasonable factfinder could conclude against it". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

Dusengimana contends his waiver was induced by misleading and incorrect advice from the IJ and his former counsel, making it invalid. He additionally maintains the BIA deprived him of the opportunity to present this challenge by rendering its decision without first allowing him to file a brief.

Although the IJ incorrectly predicted how long the BIA would take to rule on Dusengimana's appeal, the IJ prefaced that this prediction was based on his experience and that he could not be certain. And, the IJ's statement that Dusengimana would remain detained while his appeal to the BIA was pending was also incorrect; he was released about one month after the IJ's ruling. While Dusengimana contends it was pursuant to a nationwide

injunction from a California district court, the record is unclear what caused his release. That injunction was reversed prior to the IJ's ruling. Therefore, even assuming the IJ was aware of the injunction, Dusengimana fails to show the IJ's statement was misleading at the time of his waiver, and he does not provide authority supporting his waiver was rendered unknowing or unintelligent merely because the IJ's statement ended up being incorrect. *E.g.*, *Kohwarien*, 635 F.3d at 179 ("[A]lthough the record suggest[ed] some initial confusion . . . the evidence [was not] so compelling that no reasonable fact finder could conclude . . . that [petitioner's] waiver was valid". (citation omitted)); *see Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 618 (9th Cir. 2021) (reversing injunction which, due to COVID-19 concerns, imposed, *inter alia*, "procedures expressly designed to result in the release of substantial numbers of detainees from ICE custody").

The IJ repeatedly emphasized the waiver decision was solely Dusengimana's to make and encouraged him to consult with his attorney, which he did. After this consultation, his attorney stated Dusengimana waived his right to appeal; and she was satisfied this decision was made knowingly and intelligently. As noted by the BIA, there is no evidence counsel provided incorrect advice. Accordingly, under the above-discussed substantial-evidence standard, the record does not compel finding the waiver invalid.

Upon reaching its determination, supported by substantial evidence, that the waiver was valid, the BIA was entitled to summarily dismiss Dusengimana's appeal. 8 C.F.R. § 1003.1(d)(2)(i)(G) (BIA "may summarily dismiss any appeal . . . [that is] barred by an affirmative waiver of the right of appeal that is clear on the record").

As part of its basis for upholding the waiver, the BIA's conclusion that Dusengimana failed to meet the procedures required to pursue his IAC claim

is a legal question, reviewed *de novo*. *E.g.*, *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014).

When presenting an IAC claim in removal proceedings, an alien must "(1) provide an affidavit attesting the relevant facts, including a statement of the terms of the attorney-client agreement; (2) inform counsel of the allegations and allow counsel an opportunity to respond; [and] (3) file or explain why a grievance has not been filed against the offending attorney". *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).

In attempting to prove he has now met the requisite procedures, Dusengimana points to exhibits attached to his motion for reconsideration filed in the BIA when he filed the petition at hand. Because that evidence presented with that motion was not presented to the BIA when it considered his appeal which is the subject of this petition, it is not part of the record before us; therefore, we cannot consider it. *E.g.*, *Hernandez-Ortiz*, 741 F.3d at 647 (This court "cannot consider" evidence of compliance with IAC procedures which "was not presented to the BIA".); *see* 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n.15 (5th Cir. 2001) ("[E]ven if not jurisdictionally barred, it would be imprudent to preempt established administrative procedures and decide [petitioner's] claim on an incomplete record".).

DENIED.