# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60440
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

Mohamad Al Fayad; Adam Mohamad Al Fayad; Maryam Semhat,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 092 389,
A209 092 390, A209 092 391

————————————————————

Before King, Haynes, and Graves, *Circuit Judges.*

Per Curiam:[*]

Mohamad Al Fayed, a native of Kuwait and citizen of Lebanon, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for, inter alia, asylum and withholding of removal and ordering

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

him removed. He first argues that the IJ infringed his due process rights by not developing the record and otherwise aiding him, but he did not exhaust this claim. *See* 8 U.S.C. § 1252(d)(1); *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019). Because, as the Respondent notes, Al Fayed failed to exhaust this claim by presenting it to the BIA, we will enforce the exhaustion claim-processing rule and decline to consider this argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023). Al Fayed's challenge to the BIA's decision not to consider his ineffective assistance claim due to his failure to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), fails because "[s]trict compliance" with *Lozada* is mandatory. *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647-48 (5th Cir. 2014).

Finally, Al Fayed's challenges to the BIA's affirmance of the IJ's rejection of his claims for asylum and withholding are unavailing. Review of the record rebuts his challenge to the BIA's conclusion that he waived any challenge he may have had to the IJ's rejection of his proposed particular social group by failing to argue this issue in his brief to that entity. *See Matter of N-A-I*, 27 I. & N. Dec. 72, 73 n.1 (BIA 2017); *Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022). His argument that the BIA erred by concluding that his kidnaping was motivated by financial reasons fails because he cites no evidence compelling a contrary conclusion. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). The petition for review is DENIED.