# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60341
Summary Calendar

———————

Maria Guadalupe Leiva; Keiri Nayeli Paiz-Leiva; Melisa Naome Paiz-Leiva; Nehemias Paiz-Villalobos; Hellen Paiz-Leiva,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 762 650, A208 762 651,
A208 762 652, A208 762 659, A208 762 660

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Maria Guadalupe Leiva, her husband, and three minor children are natives and citizens of El Salvador. She petitions for review of the Board of Immigration Appeals' (BIA) decision which, *inter alia*: affirmed the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

immigration judge's (IJ) denial of her application for asylum and withholding of removal; and denied her claim of ineffective assistance of counsel. She also contends, for the first time, that the IJ violated her due-process rights by failing to reformulate her proposed particular social groups (PSG). (Leiva's family members are derivatives on her application for relief.)

Leiva fails to brief, and has therefore abandoned, any challenge to the BIA's: denial of her claim under the Convention Against Torture; and rejection of her jurisdictional assertion. *See, e.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating unbriefed issues as abandoned).

Our court reviews the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Findings of fact, including the applicant's ineligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court "will accept the BIA's factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise". *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019) (citation omitted).

To be eligible for asylum, an applicant must show, *inter alia*, that "race, religion, nationality, membership in a [PSG], or political opinion was or will be at least one central reason for persecuting the applicant". 8 U.S.C. § 1158(b)(1)(B)(i); *accord Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Withholding of removal requires showing the applicant would more likely than not be persecuted on account of one of those protected grounds. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021).

Before the IJ and BIA, Leiva, the lead petitioner, asserted her husband was a member of the following proposed PSGs: former Salvadoran police officers and witnesses to criminal activity of the MS-13 gang. She sought

asylum and withholding of removal based on her relationship to her husband. The IJ and BIA found Leiva was not a member of her proposed PSGs and her husband's membership could not be imputed to her. Leiva's counseled brief does not address those findings, which are dispositive of her claims for asylum and withholding of removal. *See, e.g.*, *Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022) (concluding unbriefed contentions are forfeited); *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring persecution on protected ground).

Her belated (and arguably unexhausted) due-process contention is meritless because neither the IJ nor the BIA had an obligation to reformulate her proposed PSGs. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 151–52 (5th Cir. 2019) (upholding BIA rule requiring applicants give exact delineation of proposed PSG); *see also Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) ("[T]he IJ does not have a duty to act as an advocate for the alien".).

Review of Leiva's ineffective-assistance-of-counsel claim is *de novo*. *See, e.g.*, *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014). The BIA denied the claim because Leiva failed to comply with the procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Strict compliance with those requirements is mandatory. *See, e.g.*, *Hernandez-Ortez*, 741 F.3d at 647–48. Leiva does not contest the BIA's conclusion that she failed to comply with *Lozada*'s requirements and therefore waives the dispositive issue. *See, e.g.*, *Soadjede*, 324 F.3d at 833 (treating unbriefed issues as waived).

DENIED.