# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

No. 10-60561
Summary Calendar

Lyle W. Cayce
Clerk

SOMPONG NGAMNIMITTHUM; WATTANA NGAMNIMITTHUM; KOJCHAKORN NGAMNIMITTHUM; PORNWANAT NGAMNIMITTHUM,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 869 765
BIA No. A098 869 766
BIA No. A098 869 767
BIA No. A098 869 768

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2007, Sompong Ngamnimitthum, his wife, and their minor children, all natives and citizens of Thailand, were ordered removed from the United States. They have filed a petition for review of a decision by the Board of Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60561

Appeals (BIA) denying their motion to reopen their immigration proceedings as untimely filed.

"We review the BIA's denial of a motion to reopen proceedings under a highly deferential abuse of discretion standard." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005).

The Ngamnimitthums argue that the time limitations for filing a motion to reopen do not apply in their case because their motion was based on changed conditions in Thailand.  8 C.F.R. § 1003.2(c)(3)(ii).  However, they have not shown that the BIA abused its discretion in denying their motion to reopen on that basis.  The BIA determined that the worsening conditions in Thailand and the existence of a warrant for Sompong's arrest were not material to the Ngamnimitthums' claims for immigration relief.  The record belies their assertion that the BIA failed to consider the new evidence they submitted in support of their motion.  The record also belies their assertion that the BIA failed to consider that new evidence in light of the totality of the circumstances in their case.  The BIA initially denied the Ngamnimitthums immigration relief because they failed to establish a connection between Sompong's alleged mistreatment and his political activities.  Sompong's new evidence did not establish that connection.

The Ngamnimitthums also argue that the BIA abused its discretion by refusing to equitably toll the limitations period for filing their motion to reopen or to consider their motion sua sponte.  *See* § 1003.2(a), (c)(2).  We lack jurisdiction to consider whether the BIA erred in deciding not to sua sponte reopen the removal proceedings based on the Ngamnimitthums' request for equitable tolling or for any other reason.  *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).

The petition for review is DENIED.

2