# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60920
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2014

Lyle W. Cayce
Clerk

BALJIT SINGH,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 197 055

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Baljit Singh, a native and citizen of India, petitions this court for review of the Board of Immigration Appeals' (BIA) decision denying his sixth motion to reopen his removal proceedings. He contends that the BIA abused its discretion in denying his motion to reopen as untimely and numerically barred because he was seeking asylum based on the clear probability of widespread political and religious persecution he and his wife would face upon his removal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to India.  Singh has not shown that the BIA abused its discretion in concluding that he failed to establish that his motion to reopen fell within an exception to the time and numerical limitations on such motions.  *See Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005).

Singh also contends that the BIA abused its discretion in refusing to equitably toll the time and numerical limitations on motions to reopen based on the ineffective assistance of his prior attorneys and declining to exercise its sua sponte authority to reopen his removal proceedings so that he could pursue adjustment of status based on his marriage to a United States citizen.  Because 8 C.F.R. § 1003.2(a) provides the BIA with complete discretion in determining whether to sua sponte reopen removal proceedings, this court lacks jurisdiction to review Singh's challenge to the BIA's refusal to do so.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  Further, Singh's claim that the time and numerical limitations should have been equitably tolled based on the ineffective assistance of his prior attorneys is, in essence, a claim that the BIA should have exercised its discretion to reopen the removal proceedings sua sponte based on the equitable tolling doctrine.  *See id.* at 220.  Because the BIA had complete discretion to deny Singh's equitable tolling request, this court lacks jurisdiction to review the BIA's decision.  *See id.*

Finally, to the extent Singh argues that the BIA's refusal to equitably toll the time and numerical limitations and reopen his removal proceedings violated his due process rights, his argument is unavailing.  This court "has repeatedly held that discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection."  *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006); *see also Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550-51 (5th Cir. 2006).

No. 13-60920

Accordingly, Singh's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. Singh's renewed request for a stay of removal is DENIED. The respondent's request for summary disposition is DENIED as moot.