# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2015

Lyle W. Cayce
Clerk

No. 14-60330
Summary Calendar

JOSE MARIA VILLATORO-AVILA,

> Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 968 520

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Jose Maria Villatoro-Avila petitioned this court for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings. He argued primarily that the BIA abused its discretion in refusing to equitably toll the deadline to file motions to reopen. We denied his petition in part and dismissed it in part for lack of jurisdiction, holding that the BIA

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60330

had complete discretion to deny Villatoro-Avila's equitable tolling request. *Villatoro-Avila v. Holder*, 598 F. App'x 278 (5th Cir. 2015) (per curiam).

Villatoro-Avila filed a motion for panel and en banc rehearing. We then stayed further proceedings and stayed deportation pending the Supreme Court's decision in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), in which the issue was whether courts of appeals have jurisdiction to review the BIA's refusals to equitably toll the deadline for motions to reopen.

In June, the Supreme Court decided *Mata*, holding that courts of appeals do have jurisdiction over the denials at issue. *Id.* at 2155-56. Counsel for the government then filed a status report advising that "remand of the case may be warranted" and "request[ing] that the Court continue to hold the case in abeyance for an additional fourteen days, to allow her to determine whether to file such a motion." The government did not, however, file a motion or advise that it would not be filing one. Nor did Villatoro-Avila move for any substantive relief.[1] In July, we removed this case from abeyance.

Now before us is Villatoro-Avila's rehearing petition, which we treat as a petition for panel rehearing. We GRANT that petition in part and, in light of *Mata*, vacate our prior opinion to the extent that it dismissed Villatoro-Avila's petition for lack of jurisdiction. *See id.* at 2155-56. But we DENY his petition for review because the BIA did not abuse its discretion in refusing to equitably toll the deadline to move to reopen his removal proceedings. *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005) (noting that "equitable tolling is only appropriate in 'rare and exceptional circumstances'"). Villatoro-Avila did not exercise diligence in bringing his ineffective assistance claim: By the time he

---

[1] In July, Villatoro-Avila retained new counsel. Simultaneously, the court received Villatoro-Avila's pro se motion noting that he was seeking assistance of counsel and requesting that the court continue to hold the case in abeyance. Because counsel had entered an appearance by the time the court received Villatoro-Avila's motion, the clerk's office did not file the motion and we did not act on the motion.

2

No. 14-60330

brought it, fourteen years had passed since his removal proceedings, the removal order had been reinstated three times, and he had been prosecuted twice for illegal reentry.

The petition for review is DENIED.