# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2020

Lyle W. Cayce
Clerk

No. 16-60766

Carlos Alberto Londono-Gonzalez,

*Petitioner*,

*versus*

William P. Barr, United States Attorney General,[*]

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 584 356

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Higginbotham, Elrod, and Duncan, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

In *Londono-Gonzalez v. Whitaker*, this court held that it lacked jurisdiction to review the denial of Carlos Alberto Londono-Gonzalez's motion to reopen because Londono-Gonzalez had "committed an offense

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General William P. Barr is automatically substituted for former Acting Attorney General Matthew G. Whitaker as Respondent.

covered in 8 U.S.C. §§ 1227(a)(2)(A)(iii)." 744 F. App'x 898, 899 (5th Cir. 2018). Two years later, the Supreme Court held that even in cases involving aliens who are "removable for having committed certain crimes," courts of appeals have jurisdiction to consider "constitutional claims or questions of law." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020) (quoting 8 U.S.C. § 1252(a)(2)(D)). Accordingly, the Supreme Court concluded, courts of appeals have jurisdiction to determine whether an undisputed set of facts demonstrates diligence on the part of an alien requesting equitable tolling. *See id.* In line with that holding, that court granted certiorari in *Londono-Gonzalez*, vacated the judgment, and remanded "for further consideration in light of *Guerrero-Lasprilla*." *See Londono-Gonzalez v. Barr*, 140 S. Ct. 2561 (2020).

After remand, we requested and received supplemental briefing. We now address the diligence issue.

Carlos Alberto Londono-Gonzalez, a native and citizen of Colombia who was removed from the United States as a criminal alien more than twenty years ago, seeks review of the decision of the Board of Immigration Appeals denying his motion to reopen his removal proceedings based on its finding that he failed to establish the due diligence necessary to warrant equitable tolling of the 90-day deadline for such motions established by 8 U.S.C. § 1229a(c)(7)(C). Londono-Gonzalez was ordered removed from the United States in 2000 pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his federal drug trafficking convictions, which were aggravated felonies.

In 2016, more than four months prior to the issuance of our decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016), Londono-Gonzalez moved to reopen his removal proceedings based on the BIA's decision in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (2014). In *Abdelghany*, the BIA addressed the impact of the Supreme Court's decision in *INS v. St.*

*Cyr*, 533 U.S. 289, 326 (2001), and its progeny, including *Vartelas v. Holder*, 566 U.S. 257, 273–75 (2012), and *Carranza-De Salinas v. Holder*, 700 F.3d 768, 773–75 (5th Cir. 2012), "upon individuals convicted after trial in order to provide a uniform nationwide rule" regarding the availability of relief under former § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (1994). 26 I. & N. Dec. at 266–69 & n.13 (quotation). The BIA dismissed Londono-Gonzalez's appeal from the immigration judge's denial of his motion, concluding under *Lugo-Resendez*, which was decided while his BIA appeal was pending, that Londono-Gonzalez had not shown the requisite due diligence to warrant equitable tolling given that he waited more than three years after *Carranza-De Salinas* was decided to file his motion to reopen. 744 F. App'x 899.

As Londono-Gonzalez frames the question, "all parties agree on the facts, but only differ on the following legal question—when to measure diligence." We agree with that framing. This court reviews factual findings for substantial evidence, and legal conclusions *de novo*. *Morales v. Sessions*, 860 F.3d 812, 816–17 (5th Cir. 2017).

Petitioner contends that diligence should be measured from this court's decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016), where we held that the deadline to file a motion to reopen is subject to equitable tolling. *See* 831 F.3d at 344. The government contends that we should measure diligence from *Carranza-De Salinas*, in which this court held that the repeal of former § 212(c) of the Immigration and Nationality Act could not be retroactively applied to aliens in Londono-Gonzalez's position. *See Carranza-De Salinas*, 700 F.3d at 774–75.

An alien may equitably toll the time period to file a motion to reopen if he demonstrates that (1) he "has been pursuing his rights diligently" and (2) an extraordinary circumstance prevented him from timely filing. *Lugo-*

*Resendez*, 831 F.3d at 344.    Londono-Gonzalez contends that the extraordinary circumstance that stood in his way was the fact that he "was prohibited from filing a motion to reopen" prior to this court's decision in *Lugo-Resendez*.  We disagree.

In the first place, this argument is contradicted by the facts of this case. Londono-Gonzalez actually filed his motion to reopen more than four months before *Lugo-Resendez* was decided, and he was not prohibited from making that filing.

Moreover, uncertain legal terrain does not create an obstacle that stands in the way of an individual meeting the motion to reopen deadline. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 757 (2016). Londono-Gonzales is correct that, prior to *Lugo-Resendez*, this court construed equitable tolling requests as unreviewable invitations for the BIA to *sua sponte* reopen a petitioner's removal proceeding.  *See Lugo-Resendez*, 831 F.3d at 343.  But regardless of how this court characterized such requests on judicial review, there was no case law saying that the BIA could not equitably toll the motion to reopen time limitation.

Londono-Gonzalez also assumes that he could not have been expected to file a motion to reopen prior to *Mata v. Lynch*, 576 U.S. 143, 150–51 (2015), in which the Supreme Court reversed this circuit's characterization of equitable tolling requests.  But prior to *Mata* and *Lugo-Resendez*, petitioners in this circuit were regularly asking the BIA to equitably toll the motion to reopen limitations period. *See, e.g.*, *Villatoro-Avila v. Holder*, 622 F. App'x 451, 452 (5th Cir. 2015) (per curiam); *Singh v. Holder*, 584 F. App'x 184, 184 (5th Cir. 2014) (per curiam); *Ngamnimitthum v. Holder*, 425 F. Appx. 384, 385 (5th Cir. 2011) (per curiam).  Nothing "stood in [petitioner's way]" that "prevented timely filing."  *See Lugo-Resendez*, 831 F.3d at 344.

Contrary to Londono-Gonzalez's view, *Lugo-Resendez* resolved an open question; it did not constitute an "intervening change in binding precedent." *See Silverio-Da Silva v. Lynch*, 675 F. App'x 487, 488 (5th Cir. 2017). The intervening changes that affected Londono-Gonzalez's ability to obtain relief were *Vartelas* and *Carranza-De Salinas*. And Londono-Gonzalez did not seek to reopen his proceedings until three-and-a-half years after those decisions were issued. The BIA did not err in measuring Londono-Gonzalez's diligence from the issuance of *Carranza-De Salinas*.

Londono-Gonzalez's petition is DENIED.