# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2021

Lyle W. Cayce
Clerk

No. 17-60438

Ruben Ovalles,

*Petitioner*,

*versus*

Jeffrey A. Rosen, Acting U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A040 070 535

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Jones, Smith, and Elrod, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:

Petitioner Ruben Ovalles asserts on appeal that the Board of Immigration Appeals (the "Board") erroneously failed to apply equitable tolling to his motion to reopen in light of *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016). After considering the record, we DENY Ovalles's petition for review.

No. 17-60438

## I. BACKGROUND

This case comes back to the Fifth Circuit upon remand from the Supreme Court. *See Ovalles v. Sessions*, 741 F. App'x 259, 261 (5th Cir. 2018), *vacated and remanded* 140 S. Ct. 1062 (2020). The facts are undisputed. Ovalles is a native and citizen of the Dominican Republic who first came to the United States in 1985 as a child. *See Ovalles v. Holder*, 577 F.3d 288, 291 (5th Cir. 2009). He grew up in the United States with much of his immediate family and attended high school in this country. In 2003, Ovalles was convicted of attempted drug possession and sentenced to five years of probation. He was charged with removability pursuant to 8 U.S.C. §§ 1227(a)(2)(B)(i) (conviction of a controlled substance violation) and 1227(a)(2)(A)(iii) (conviction of an aggravated felony). *See Ovalles v. Holder*, 577 F.3d at 291. An immigration judge ("IJ") found Ovalles removable based on Ovalles's controlled substance conviction but granted his request for cancellation of removal after concluding that Ovalles's conviction was not an aggravated felony. *See id.* The Board reversed the IJ's grant of cancellation of removal, concluding that Ovalles had in fact been convicted of an aggravated felony, and Ovalles did not seek review of the Board's decision from this court. *See id.* (describing the underlying IJ and Board decisions in more detail). Ovalles was removed to the Dominican Republic in 2004. *See id.*

In 2007, Ovalles filed his first motion to reconsider or reopen his immigration proceedings. He argued that, under *Lopez v. Gonzales*, 549 U.S. 47, 127 S. Ct. 625 (2006), his possession offense did not constitute an aggravated felony as defined by the Immigration and Nationality Act. *Ovalles*, 577 F.3d at 291. The Board noted that Ovalles's motion was untimely, but ultimately chose not to consider the motion based on the departure bar. *Id.* On appeal, Ovalles conceded his motion to reopen was untimely. *See id.* at 299 (recognizing that Ovalles "concededly did not

request reopening with[in] the specified allowed time even as calculated from the time the law changed"). A panel of this court observed that he waited "nearly eight months" after the Supreme Court issued *Lopez* to file his motion and denied Ovalles's petition as untimely. *Id.* at 295, 299–300.

Ovalles filed his second motion to reopen—the present motion—in March 2017. He argued that *Lugo-Resendez* "finally delivered [him] with the final piece to the puzzle" by "permitting the filing of a statutory motion through tolling of the 90-day deadline." The Board denied the motion as "untimely and number-barred" and concluded that Ovalles did not demonstrate equitable tolling was warranted. On appeal, a panel of this court dismissed the petition for lack of jurisdiction, but the Supreme Court disagreed. *Ovalles v. Sessions*, 741 F. App'x 259, 261 (5th Cir. 2018) (per curiam), *vacated and remanded sub nom. Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020). On remand, we now consider whether Ovalles's motion to reopen merits equitable tolling.[1]

## II. DISCUSSION

Denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005); *accord Guerrero-Lasprilla v. Barr*, 822 F. App'x 254, 256 (5th Cir. 2020) (per curiam) (unpublished) (articulating the same standard on remand from the Supreme Court). Factual findings are reviewed for substantial evidence and legal conclusions are reviewed *de novo. Londono-Gonzalez v. Barr*, 978 F.3d 965, 968 (5th Cir. 2020); *Morales v. Sessions*, 860 F.3d 812,

---

[1] The government argues that Ovalles waived his equitable tolling argument by not raising the issue in his first motion to reopen and that, alternatively, his petition falls within the number-bar limitation for statutory motions to reopen. We do not decide these issues because Ovalles does not merit equitable tolling under Fifth Circuit precedent even assuming, *arguendo*, that the issue was not waived or number-barred.

816–17 (5th Cir. 2017); *accord Guerrero-Lasprilla*, 822 F. App'x at 256. Ovalles argues in his supplemental briefing that the review should be entirely *de novo* because "applying law to facts results in a legal conclusion." But we see no reason to depart from the well-established formulation of the standard of review for motions to reopen in this circuit.[2] *Accord Guerrero-Lasprilla*, 822 F. App'x at 256 (rejecting a similar argument).

In order to equitably toll the 90-day time period to file a statutory motion to reopen under 8 U.S.C. § 1229a(c)(7), an alien must demonstrate that (1) he "has been pursuing his rights diligently" and (2) an extraordinary circumstance prevented him from timely filing. *Lugo-Resendez*, 831 F.3d at 344. An intervening legal change can constitute an extraordinary circumstance. *See Londono-Gonzalez*, 978 F.3d at 968; *accord Guerrero-Lasprilla*, 822 F. App'x at 256–57. Ovalles contends that the 90-day time limit for filing his second motion to reopen should be tolled until he learned of the *Lugo-Resendez* decision in December 2016. But this court recently concluded that *Lugo-Resendez* did not constitute an intervening change in binding precedent that satisfies the "extraordinary circumstance" element. *Londono-Gonzalez*, 978 F.3d at 968. This is because *Lugo-Resendez* itself recognized that, "[d]espite numerous opportunities to do so," the Fifth Circuit had "not decided whether equitable tolling applies to the 90-day deadline for filing a motion to reopen under § 1229a(c)(7)." *Lugo-Resendez*, 831 F.3d at 343. Thus, "*Lugo-Resendez* resolved an open question" and was not an intervening change in binding precedent. *Londono-Gonzalez*, 978 F.3d at 968. "Moreover, uncertain legal terrain does not create an obstacle that stands in the way of an individual meeting the motion to reopen deadline."

---

[2] In any event, the result would be the same under either formulation.

*Id.* And, as a practical matter, petitioners were in fact filing equitable tolling requests prior to the *Lugo-Resendez* decision. *Id.*

Ovalles offers two contrary arguments. First, he contends that we should not decide the case based on a purported lack of extraordinary circumstances because "the BIA never made such a finding" and "the government cannot defend an agency's decision on a basis not articulated by the agency." But the Board did conclude that Ovalles "has not shown that the time and number limitations on motions should be equitably tolled under *Lugo-Resendez*." Additionally, the Board stated that Ovalles "has not demonstrated the requisite due diligence to warrant equitable tolling" because he waited until eight months after *Lugo-Resendez* was published to file his motion, and separately concluded that Ovalles "has not demonstrated an exceptional situation warranting sua sponte reopening."

Importantly, Ovalles does not dispute that his due diligence was properly raised, indeed, he calls it the "only merits issue" before this court. But due diligence and extraordinary circumstances are related inquiries: an alien's due diligence is considered in light of his circumstances. Thus, assessing due diligence necessarily includes a temporal component, which involves determining whether and when a purported extraordinary circumstance occurred. *See Londono-Gonzalez*, 978 F.3d at 967–68 (addressing "the diligence issue" on remand with a focus on "when to measure diligence," concluding that *Lugo-Resendez* was not an "extraordinary circumstance that stood in his way," and holding that the Board did not err in measuring diligence based on a different case).

The Board concluded that Ovalles did not demonstrate due diligence because "he waited approximately [eight] months after the Fifth Circuit issued *Lugo-Resendez v. Lynch* . . . to file his current motion." This conclusion applies with even greater force in light of the conclusion in

No. 17-60438

*Londono-Gonzalez* that *Lugo-Resendez* did not constitute an extraordinary circumstance that stood in the way of aliens seeking equitable tolling.

Second, Ovalles argues that *Lopez v. Gonzales* establishes an extraordinary circumstance.  But the extraordinary circumstance must have "stood in his way and prevented timely filing" of his second motion to reopen in March 2017.  *Lugo-Resendez*, 831 F.3d at 344.  *Lopez* was decided in 2006.   Thus, if *Lugo-Resendez* doesn't constitute an extraordinary circumstance (and this court has previously determined that it does not), then Ovalles presents no viable alternative from which he can show compliance with the 90-day filing deadline even with the benefit of equitable tolling.[3]

### III. CONCLUSION

Based on the foregoing, we **DENY** the petition for review.

---

[3] The other cases cited by Ovalles pre-date *Lugo-Resendez.  See, e.g.*, *Mata v. Lynch*, 576 U.S. 143, 135 S. Ct. 2150 (2015); *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012). Furthermore, the *Londono-Gonzalez* decision also casts doubt on whether *Mata* could constitute extraordinary circumstances for tolling purposes. *Londono-Gonzalez*, 978 F.3d at 968 ("But prior to *Mata* and *Lugo-Resendez*, petitioners in this circuit were regularly asking the BIA to equitably toll the motion to reopen limitations period.").