# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2021

Lyle W. Cayce
Clerk

No. 20-60110
Summary Calendar

Joaquin Martinez Lopez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A038 517 371

Before Haynes, Willett, and Ho, *Circuit Judges.*

Per Curiam:*

Joaquin Martinez Lopez, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen as untimely. He argues that we have jurisdiction over the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60110

petition for review and that his motion to reopen was timely because he was entitled to equitable tolling.

We review the question of whether we have jurisdiction de novo. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). Although we generally lack jurisdiction to review a removal order against an alien who is removable for having committed an aggravated felony, we retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C) & (D). Because the question whether a given set of facts gives rise to equitable tolling is a legal question, we have jurisdiction over the petition for review. *See Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021).

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021). The BIA did not abuse its discretion in determining that Martinez Lopez was not entitled to equitable tolling. An alien is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016)). Although Martinez Lopez argues that he pursued his rights diligently because the motion to reopen was filed within 90 days of learning that the deadline for filing a motion to reopen could be equitably tolled, we recently held that this court's decision in *Lugo-Resendez* did not constitute an intervening change in binding precedent that satisfies the "extraordinary circumstance" element of equitable tolling. *Londono-Gonzalez v. Barr*, 978 F.3d 965, 968 (5th Cir. 2020). Instead, the intervening change of law that affected Martinez Lopez's ability to obtain relief was the Supreme Court's decision in *Lopez v. Gonzalez*, 549 U.S. 47 (2006). *See Ovalles*, 984 F.3d at 1123-24. Because Martinez Lopez has offered no evidence that he undertook any efforts to pursue his

No. 20-60110

case in the 10 years following *Lopez*, he failed to demonstrate that he pursued his rights diligently.

Based upon the foregoing, the petition for review is DENIED.