# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2021

Lyle W. Cayce
Clerk

No. 18-60715
Summary Calendar

Reynaldo Angeles,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 041 944

---

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Reynaldo Angeles petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reconsider the denial of a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60715

motion to reopen his deportation proceeding. He moved for reconsideration only of whether he established the diligence required for equitable tolling of the filing deadline. The BIA concluded that Angeles failed to show error in its prior determination that he failed to demonstrate reasonable diligence in light of the "complete lack of evidence that he pursued his rights in any manner" between 1996 and mid-2016.

We have jurisdiction to review "whether an undisputed set of facts demonstrates diligence on the part of an alien requesting equitable tolling." *Londono-Gonzalez v. Barr*, 978 F.3d 965, 967 (5th Cir. 2020). An "extremely deferential" abuse-of-discretion standard of review applies to the BIA's denial of the motion to reconsider. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

Angeles contends that the mere passage of time is not dispositive of the diligence question. Citing *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017), he asserts that an alien's diligence should be measured from the point when he actually discovers the basis for filing the motion to reopen. However, Angeles's reliance on *Gonzalez-Cantu* is misplaced; the BIA's order was consistent with that decision, *see id.* at 305 & nn.2, 4, and not erroneous, *see Londono-Gonzalez*, 978 F.3d at 967; *Lowe*, 872 F.3d at 715. Accordingly, the petition for review is DENIED.