# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 21-60683
Summary Calendar

Yuehua Li,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 038 131

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Yuehua Li, a native and citizen of China, was ordered removed from the United States after overstaying her nonimmigrant visa. She petitions for review of the denial by the Board of Immigration Appeals (BIA) of her

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

untimely motion to reopen her removal proceedings on the ground that her former counsel rendered ineffective assistance.

Generally, a motion to reopen must be filed within 90 days of the entry of the challenged removal order.  8 U.S.C. § 1229a(c)(7)(C)(i).  Li's removal order was issued on May 28, 2020, so the filing period ended on August 26, 2020, well before the filing of her motion to reopen in October 2020. However, equitable tolling of the filing period is available if the movant shows "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (internal quotation marks and citation omitted).

The BIA determined that Li had not shown the requisite due diligence to warrant equitably tolling the filing period for her motion to reopen.  Li asserts that the filing period should have been equitably tolled until she learned of her former counsel's ineffective assistance; however, she has failed to provide a date of discovery, stating only that it occurred at the earliest in late July 2020 and at the latest in early September 2020.  Li adds that her new counsel was not provided with her complete immigration file until late July 2020, although she has not explained any steps she took to obtain the file or why it was not available earlier.

The BIA did not err in concluding that Li failed to show the necessary due diligence for equitable tolling.  *See Londono-Gonzalez v. Barr*, 978 F.3d 965, 967 (5th Cir. 2020); *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021) (denying equitable tolling where there was a lack of evidence regarding the steps the movant had taken to preserve his rights).  The BIA thus did not abuse its discretion in denying Li's motion to reopen as untimely.  *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  Li's petition for review is DENIED.