# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2022

Lyle W. Cayce
Clerk

No. 21-60761

Gerardo Mendoza Casillas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
Agency No. A201 065 383

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

On October 30, 2014, the Board of Immigration Appeals denied Gerardo Mendoza Casillas's motion for reconsideration of the BIA's dismissal of his appeal from the denial of his application for cancellation of removal to Mexico, his native country. On January 2, 2019, Mendoza Casillas filed a motion to reopen his removal proceedings, arguing that his previous attorney rendered ineffective assistance in 2014. Mendoza Casillas now

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60761

petitions us to review the BIA's denial of his motion to reopen as untimely and meritless.

As for Mendoza Casillas's challenge to the BIA's refusal to grant sua sponte reopening, we lack jurisdiction to review the issue. *See Gonzales-Cantu v. Sessions*, 866 F.3d 302, 306 & n.5 (5th Cir. 2017). Generally, a movant must file a motion to reopen within 90 days of entry of the final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). However, equitable tolling can extend the filing period if the movant establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (internal quotation marks and citation omitted).

The BIA determined that Mendoza Casillas failed to show due diligence since he "had concerns" about his September 2014 counsel but did not seek a remedy until consulting his current counsel in December 2018. Mendoza Casillas argues that his consultations with two attorneys, one in September 2014 and another in 2016 (both of whom told him he had no legal remedy), establishes his due diligence. He asserts that due to equitable tolling his 90-day filing period should not have started until December 3, 2018, the date he learned from his current counsel about his former counsel's ineffective assistance, and therefore his motion to reopen is timely.

Given these undisputed facts, the BIA did not err in concluding that Mendoza Casillas failed to show the due diligence needed for equitable tolling. *See Londono-Gonzalez v. Barr*, 978 F.3d 965, 967–68 (5th Cir. 2020). As in *Flores-Moreno v. Barr*, the BIA correctly applied the standard for equitable tolling. Mendoza Casillas did not provide meaningful evidence of at least some effort during the prolonged periods between his legal consultations. 971 F.3d 541, 543–5 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238

No. 21-60761

(2021). Since due diligence is essential for equitable tolling, this ends our inquiry. *See Lugo-Resendez*, 831 F.3d at 344.

The BIA did not abuse its discretion in denying Mendoza Casillas's motion to reopen. *See Flores-Moreno*, 971 F.3d at 544. The petition for review is DENIED.