# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 20-60475
Summary Calendar

SAKIETH LONG,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A025 378 591

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Sakieth Long, a native and citizen of Cambodia who had been granted lawful permanent resident status in 1986, was ordered removed based on his 1998 Massachusetts state convictions for possession of an unlicensed firearm and assault with a dangerous weapon. He now petitions for review of the decision by the Board of Immigration Appeals (BIA) that both affirmed the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60475

denial by the immigration judge (IJ) of his motion to reopen his removal proceedings and denied his motion to remand his case to the IJ. First, as respects the BIA's denial of the motion to remand and its refusal to sua sponte reopen the removal proceedings, Long has abandoned any challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Next, with regard to Long's challenge to the denial of his statutory motion to reopen as untimely, there are jurisdictional issues that must be reviewed de novo. *See Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001). Long sets forth two alternative arguments challenging the BIA's implicit determination that the time frame during which he was bound to exercise due diligence for equitable tolling purposes extended from the issuance of the removal order in 2000 to the filing of Long's motion for a new trial in state court in 2018. Because Long failed to exhaust before the BIA his argument that the due diligence time period commenced when the Supreme Court issued its decision in *Padilla v. Kentucky*, 559 U.S. 356, 373-74 (2010), we lack jurisdiction to consider it. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016); *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

While exhausted, Long's alternative argument that the relevant time period for diligence began on September 9, 2019, when his Massachusetts state court convictions were vacated, may only be considered to the extent that it presents questions of law or constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C)-(D) (limiting this court's jurisdiction to such issues in cases involving removal orders based upon firearms and aggravated felony offenses); *see also Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020); *Londono-Gonzalez v. Barr*, 978 F.3d 965, 967 (5th Cir. 2020). Even if it is assumed arguendo that equitable tolling might be available until the state court vacated Long's convictions, there remains an unresolved factual question regarding when Long learned of the possible defect in his convictions that would be relevant in determining when his diligence time

No. 20-60475

period commenced.  *See Gonzalez-Cantu v. Sessions,* 866 F.3d 302, 305 & n.4 (5th Cir. 2017).  Because the issue of when diligence should be measured in this case thus does not present a question of law, we lack jurisdiction to review whether the BIA erred in this regard.  *See Guerrero-Lasprilla*, 140 S. Ct. at 1067-69; *Londono-Gonzalez*, 978 F.3d at 967-68.

In light of the foregoing, Long's petition for review is DISMISSED.