# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2023

Lyle W. Cayce
Clerk

No. 21-60820
Summary Calendar

———————————

Alejandro Castillo-Trevino,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A018 950 320

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Petitioner Alejandro Castillo-Trevino, a native and citizen of Mexico, petitions us to review a decision of the Board of Immigration Appeals (BIA) dismissing his appeal. Castillo-Trevino pleaded guilty to a felony in 2004 and was ordered removed in 2005. In 2021, Castillo-Trevino filed a pro se motion before the immigration judge (IJ) to reopen his removal proceedings. The IJ declined to equitably toll the 90-day limitations period under 8 U.S.C. §

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60820

1229a(c)(7)(C) and denied the motion to reopen pursuant to the departure bar under 8 C.F.R. § 1003.23(b)(1).

We consider the IJ's decision in our review because the BIA adopted it. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). We review the denial of a motion to reopen for abuse of discretion. *Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020). We have jurisdiction to review "whether an undisputed set of facts demonstrates diligence on the part of an alien requesting equitable tolling." *Londono-Gonzalez v. Barr*, 978 F.3d 965, 967 (5th Cir. 2020); *see* 8 U.S.C. § 1252(a)(2)(D).

Equitable tolling is only warranted if the Petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Flores-Moreno*, 971 F.3d at 545 (internal quotation marks and citation omitted). The diligence element "requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence." *Id.* (internal quotation marks and citation omitted).

The IJ and BIA did not err in determining that Castillo-Trevino failed to demonstrate the diligence required for equitable tolling. *See Flores-Moreno*, 971 F.3d at 545. The legal remedy of a motion to reopen has existed since well before Castillo-Trevino was ordered removed in 2005. *See Garcia-Carias v. Holder*, 697 F.3d 257, 261 (5th Cir. 2012) (recounting the remedy's history). Castillo-Trevino fails to adequately describe his attempts to obtain legal assistance—during the 16 years between his removal and motion to reopen—and why he would not have learned of a basis for filing his motion to reopen earlier. He provides no reason for waiting until 2021 to act on his cited changes in law. *See Londono-Gonzalez*, 978 F.3d at 968 (upholding the BIA's denial of equitable tolling when the motion to reopen was filed more than three years after issuance of the pertinent case law).

No. 21-60820

Castillo-Trevino's motion does not qualify as a statutory motion to reopen under § 1229a(c)(7) because there is no equitable tolling here. *See Lugo-Resendez*, 831 F.3d at 342-43. The BIA and IJ were correct in finding that the departure bar applied. *See Ovalles v. Holder*, 577 F.3d 288, 299-300 (5th Cir. 2009); § 1003.23(b)(1). We therefore need not address Castillo-Trevino's remaining contentions, but we note that this case does not present exceptional circumstances warranting an appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The petition for review is DENIED.