# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60617
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2023

Lyle W. Cayce
Clerk

David Reynosa-Romero,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A090 385 097

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Petitioner David Reynosa-Romero, a native and citizen of Mexico, seeks review the Board of Immigration Appeals's ("BIA") decision denying his 2021 motion to reopen his removal proceedings. Reynosa-Romero contends that the BIA abused its discretion by failing to adequately articulate the reasons for its denial of his motion or to cite the relevant grounds for

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60617

denial under precedent. Reynosa-Romero further contends that he is entitled to equitable tolling. For the following reasons, Reynosa-Romero's petition is DISMISSED IN PART AND DENIED IN PART.

We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021), *cert. denied sub nom. Ovalles v. Garland*, 142 S. Ct. 107 (2021). Motions to reopen or reconsider[1] are "particularly disfavored," *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). We review the denial of such motions by BIA "under a highly deferential abuse-of-discretion standard." *Ovalles*, 984 F.3d at 1123 (internal quotation marks and citation omitted); *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017).

A motion to reopen must be filed within 90 days of the order of removal. A motion to reconsider must be filed within 30 days of such an order. 8 U.S.C. § 1229a(c)(6)(B), (c)(7)(C)(i). Both time limitations are subject to equitable tolling. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 284–87 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 86 (2022); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). An alien is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (internal quotation marks and citation omitted). Whether a petitioner has exercised due diligence for purposes of equitable tolling is a mixed question of fact and law

---

[1] In light of this court's decision in *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 286 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 86 (2022), Reynosa-Romero's motion is more properly considered as a motion to reconsider because he contends that a change in law, specifically, *INS v. St. Cyr*, 533 U.S. 289 (2001), invalidated the immigration court's 1996 order. *See Gonzalez Hernandez*, 9 F.4th at 286. The treatment of the motion as such, however, does not affect our analysis in this case.

that we have jurisdiction to review. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).

We conclude that Reynosa-Romero's equitable tolling argument is unavailing. The BIA's succinct analysis in this matter reviews the efforts by Reynosa-Romero and his wife over the course of twenty years, as set forth in his evidence. Given the sporadic nature of the efforts and the lengthy span of time, the BIA rationally concluded that the evidence was insufficient to show due diligence or an impediment to timely filing. *See Gonzalez Hernandez*, 9 F.4th at 283. Although Reynosa-Romero contends that the BIA failed to discuss the "extraordinary circumstance [that] stood in his way and prevented timely filing," *Lugo-Resendez*, 831 F.3d at 344, the only support that he presented to the BIA in his motion to reopen was the 2001 decision in *I.N.S. v. St. Cyr*, 533 U.S. 289. The agency specifically considered Reynosa-Romero's efforts "between the Supreme Court's decision in *St. Cyr* and the filing of the instant motion to reopen."

Reynosa-Romero further asserts that the BIA failed to address the grounds for denying a motion to reopen as set forth in *I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988). However, because Reynosa-Romero failed to demonstrate that his motion to reopen was timely through equitable tolling under the relevant law, the BIA was not required to address the merits of his motion to reopen. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Londono-Gonzalez v. Barr*, 978 F.3d 965, 967–68 (5th Cir. 2020); *cf. Abudu*, 485 U.S. at 104–05. The BIA acted within its discretion in denying the motion to reopen or reconsider on those grounds. *See Gonzalez Hernandez*, 9 F.4th at 284.

The BIA articulated and applied the relevant legal analyses in this matter. Reynosa-Romero has failed to show error in the BIA's denial of equitable tolling or that its conclusion that his motion to reopen was

untimely. *See Ovalles*, 984 F.3d at 1123. The petition for review is therefore DENIED as to the denial of equitable tolling and the conclusion that Reynosa-Romero's motion to reopen or reconsider was untimely.

Moreover, we lack jurisdiction to consider Reynosa-Romero's challenge to the denial of sua sponte reopening, so the petition is DISMISSED as to that challenge. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017); *see Djie v. Garland*, 39 F.4th 280, 288 (5th Cir. 2022).