# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2023

Lyle W. Cayce
Clerk

No. 23-60328
Summary Calendar

Obed Cortez-Albarron,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A075 218 002

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Obed Cortez-Albarron, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. As relevant here, the BIA determined that the motion was untimely and that Cortez-Albarron did not meet the standards for equitable tolling.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60328

We review the BIA's decision to deny a motion to reopen "under a highly deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). And in considering the BIA's decision, we review legal conclusions *de novo* and factual findings for substantial evidence. *Id.* (citations omitted).

Cortez-Albarron's challenge to the BIA's denial of equitable tolling fails. Equitable tolling may be granted only if Cortez-Albarron demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (internal quotation marks and citation omitted). "But 'reasonable diligence' means 'within a reasonable time.' It does not mean 'within a reasonable time but only when you think you can win.'" *Id.* Here, Cortez-Albarron's equitable tolling claim stems from his becoming the beneficiary of his son's approved I-130 petition. But that circumstance came about only after Cortez-Albarron remained in the United States for close to 20 years in violation of a previous order of voluntary departure, during which time his son reached the age of eligibility to file the I-130 petition. Thus, the BIA did not abuse its discretion in determining that under the facts presented, Cortez-Albarron failed to make the requisite showing for equitable tolling. *See id.*

Accordingly, the petition for review is DENIED.

2