# United States Court of Appeals for the Fifth Circuit

_____

No. 23-60330
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2024

Lyle W. Cayce
Clerk

Maikel M. Valdes Amaro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 019 907

_____

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:*

Maikel M. Valdes Amaro, a native and citizen of Cuba, petitions for review of a decision of an immigration judge (IJ) denying his request for equitable tolling and denying as untimely his motion to reopen his immigration proceedings. In his motion, he argued that his conviction under Texas Penal Code § 71.02 no longer qualified as a crime involving moral

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

turpitude (CIMT) in light of an intervening decision by the Texas Court of Criminal Appeals and, therefore, he was not removable.

Valdes Amaro does not challenge the IJ's factual findings. Instead, he renews his argument that he was entitled to equitable tolling for the period preceding his discovery of the Texas Court of Criminal Appeals' decision, he diligently filed his motion within 90 days of learning of the change of law that supported his motion, and the IJ erred in requiring him to establish due diligence from entry of his final order of removal until he filed his motion. As support, he cites this court's decision in *Gonzalez-Cantu v. Sessions*, 866 F.3d 302 (5th Cir. 2017). Alternatively, he argues that his affidavit demonstrated that he acted with reasonable diligence during that time period and that extraordinary family circumstances and responsibilities impeded his ability to timely file his motion. Because these issues entail application of a legal standard to undisputed facts, we have jurisdiction to address them. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020); *Londono-Gonzales v. Barr*, 978 F.3d 965, 967 (5th Cir. 2020); *see also Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020).

A motion to reconsider must be filed within 30 days of the order of removal while a motion to reopen must be filed within 90 days of that order. § 1229a(c)(6)(B), (c)(7)(C)(i). Both time limitations are subject to equitable tolling. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 284-87 (5th Cir. 2021) (reconsideration); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (reopening). The distinction is not outcome determinative in this case for the reasons set out below, but Valdes Amaro's motion is properly treated as one to reconsider under *Gonzales Hernandez* rather than a motion to reopen because he sought relief based on an intervening legal decision. *See id.*; 8 U.S.C. § 1229a(c)(6)(C), (c)(7)(B).

An alien is entitled to equitable tolling if he shows, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (internal quotation marks and citation omitted). The diligence element "requires the litigant to establish that he pursued his rights with reasonable diligence, not maximum feasible diligence." *Flores-Moreno*, 971 F.3d at 545 (internal quotation marks and citation omitted). "The party seeking equitable tolling has the burden of proof." *Mejia*, 952 F.3d at 258.

When the BIA affirms the IJ's decision without opinion, as it did here, we review the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). We review the denial of a motion to reconsider or reopen "under a highly deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (reopening) (internal quotation marks and citation omitted); *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (reconsideration).

Valdes Amaro's reliance *Gonzalez-Cantu v. Sessions*, 866 F.3d 302 (5th Cir. 2017), is misplaced. As this court recognized in subsequent cases, *Gonzalez-Cantu* did not hold that a party requesting equitable tolling is necessarily entitled to tolling up until the time he learns of the change in law that provides grounds for filing a motion to reopen or reconsider; rather, he may be granted tolling up to that date if he provides sufficient evidence to support his request. *See Angeles v. Garland*, No. 18-60715, 2021 WL 6101400, 1 (5th Cir. Dec. 21, 2021) (unpublished); *Solis-Rivera v. Barr*, 789 F. App'x 447, 448 (5th Cir. 2020); *Rubio Amaya v. Barr*, 772 F. App'x 216, 217 (5th Cir. 2019). Moreover, we have previously recognized that the actions that a party took before and after extraordinary circumstances that he alleged prevented him from timely filing "may indicate whether he was diligent

3

overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (28 U.S.C. § 2254 case).

The IJ's determination that Valdes Amaro's vague affidavit failed to establish that he was diligent and that his family responsibilities constituted an extraordinary circumstance was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gonzalez Hernandez*, 9 F.4th at 283. In other cases where the equitable tolling applicant has cited incorrect legal advice as a reason for his untimely filing, this court has considered how much time elapsed between the date that the incorrect advice was conveyed and the date that the applicant next sought legal advice from a different attorney. *See*, *e.g*, *Nyabwari v. Garland*, No. 21-60479, 2022 WL 7409252, 1 (5th Cir. Oct. 13, 2022) (unpublished) (17 months), *cert. denied*, 143 S. Ct. 2565 (2023); *Flores-Moreno*, 971 F.3d at 545 (three years); *Deras-Leon v. Barr*, 841 F. App'x 642, 645 (5th Cir. 2020) (28 months); *Michael v. Barr*, 830 F. App'x 732, 735 (5th Cir. 2020) (11 months).

The IJ did not abuse her discretion by denying Valdes Amaro's request for equitable tolling. *See Ovalles*, 984 F.3d at 1123; *Lowe*, 872 F.3d at 715. Because the denial of equitable tolling is dispositive, we do not address whether § 71.02 qualifies as a CIMT. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

Valdes Amaro's petition for review is DENIED.