# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60416
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2024

Lyle W. Cayce
Clerk

Ruth Saenz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A026 802 336

———————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ruth Saenz, a native and citizen of Mexico, petitions our court for review of the Board of Immigration Appeals' (BIA) denying her motion to reopen her immigration proceedings.

Saenz' notice to appear did not include a date or time for her initial hearing. In her motion to reopen, she contends the defective notice deprived

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the immigration court of jurisdiction under *Niz-Chavez v. Garland*, 593 U.S. 155 (2021) and *Pereira v. Sessions*, 585 U.S. 198 (2018). She also maintains her counsel was ineffective for failing to challenge the court's jurisdiction.

Review of the BIA's denying a motion to reopen is "under a highly deferential abuse-of-discretion standard". *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (citation omitted). A motion to reopen may be denied if the movant does not make a *prima-facie* showing of eligibility for the relief sought. *E.g.*, *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022). To raise a colorable claim of ineffective assistance of counsel (IAC), Saenz must show her counsel's substandard performance prejudiced her. *See, e.g.*, *Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018) (outlining ineffective-assistance standard). Prejudice is established by showing "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Id.* (citation omitted).

As Saenz acknowledges, her contention that the defective notice failed to confer jurisdiction on the immigration court is foreclosed by precedent. *E.g.*, *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022) (explaining precedent forecloses contention that immigration judge did not acquire jurisdiction on account of defective notice), *overruled on other grounds by Wilkinson v. Garland*, 144 S. Ct. 780, 787–88, 787 n.2 (2024); *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021) (same). She raises the issue to preserve it for possible further review. And, because the above contention is meritless, the BIA correctly concluded Saenz could not establish prejudice on her IAC claim.

DENIED.