# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60615
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2024

Lyle W. Cayce
Clerk

Ken Ejimofor Ezeah,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A204 048 674

———————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ken Ejimofar Ezeah, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. Motions to reopen are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, we review the BIA's denial of such motions "under a highly

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). Under this standard, we will affirm unless the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). Ezeah has not made this showing.

His equitable tolling argument fails because he has not made the necessary diligence showing. *See Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020); *Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018). He shows no error in the BIA's conclusion that his claim of ineffective assistance of counsel failed for want of compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014); *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). He likewise shows no error in the BIA's conclusion that he failed to show prima facie eligibility for relief. *See Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022); 8 U.S.C. § 1229b(b)(2)(A)(iv).

We lack jurisdiction to consider his challenges to the BIA's decision not to sua sponte reopen his proceedings and its order dismissing his appeal. *See Stone v. INS*, 514 U.S. 386, 394-406 (1995); *Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019). Finally, he has not shown exceptional circumstances meriting appointed counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction. The motion for appointment of counsel is DENIED.